IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| REBEKAH MARKHAM,<br><br>Plaintiff,<br><br>v.<br><br>EASTMAN CHEMICAL COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:25-CV-00189-DCLC-CRW |

**ANSWER TO COMPLAINT**

Defendant, EASTMAN CHEMICAL COMPANY ("Defendant"), submits its answers and defenses to Plaintiff's Complaint and Jury Demand as follows:

1. Defendant admits, upon information and belief, the allegations set forth in Paragraph 1 of the Complaint.

2. Defendant admits the allegations set forth in Paragraph 2 of the Complaint.

3. Defendant admits this Court may assert jurisdiction in this action.

4. Defendant admits venue is proper in this Court.

5. Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant admits the allegations set forth in Paragraph 10 of the Complaint.

11. The allegations set forth in Paragraph 11 contain a legal conclusion, to which no response is required. To the extent a response is required, Defendant avers it takes all steps

necessary to address discrimination in the workplace. Defendant denies any remaining allegations set forth in Paragraph 11 of the Complaint.

12. The allegations set forth in Paragraph 12 contain a legal conclusion, to which no response is required. To the extent a response is required, Defendant avers it takes all steps necessary to address discrimination in the workplace. Defendant denies any remaining allegations set forth in Paragraph 12 of the Complaint.

13. The allegations set forth in Paragraph 13 contain a legal conclusion, to which no response is required. To the extent a response is required, Defendant avers it takes all steps necessary to address discrimination and retaliation in the workplace. Defendant denies any remaining allegations set forth in Paragraph 13 of the Complaint.

14. The allegations set forth in Paragraph 14 contain a legal conclusion, to which no response is required. To the extent a response is required, Defendant avers it takes all steps necessary to address discrimination and retaliation in the workplace. Defendant denies any remaining allegations set forth in Paragraph 14 of the Complaint.

15. The allegations set forth in Paragraph 15 contain a legal conclusion, to which no response is required. To the extent a response is required, Defendant avers it takes all steps necessary to address discrimination and retaliation in the workplace. Defendant denies any remaining allegations set forth in Paragraph 15 of the Complaint.

16. The allegations set forth in Paragraph 16 contain a legal conclusion, to which no response is required. To the extent a response is required, Defendant avers it takes all steps necessary to address discrimination and retaliation in the workplace. Defendant denies any remaining allegations set forth in Paragraph 16 of the Complaint.

17. Defendant admits the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant admits the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant admits Plaintiff was promoted to a Cost Accountant in April 2017. Defendant admits Plaintiff was promoted to a Project Manager in August 2021. Defendant admits Plaintiff was promoted to PEG Team Lead in March 2023. Defendant admits Plaintiff's position was reclassified to BT4 in May 2023. Defendant admits Plaintiff was promoted to L2 as PEG Supervisor effective March 2024. Defendant denies the remaining allegations set forth in Paragraph 19 of the Complaint.

20. Defendant admits the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint as stated.

22. Defendant admits the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant admits the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant admits the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant admits the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant avers Plaintiff's 2024 Performance Form speaks for itself. Defendant denies any allegations set forth in Paragraph 28 that are inconsistent with the document. Defendant denies any remaining allegations set forth in Paragraph 28 of the Complaint.

29. Defendant admits the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant admits the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant avers it does not give "verbal warnings," as Defendant understands the term, to employees. Defendant denies the remaining allegations set forth in Paragraph 32 of the Complaint as stated.

33. Defendant admits Plaintiff took maternity leave from on or around February 26, 2018, to on or around September 10, 2018.

34. Defendant admits Plaintiff started reporting to Crystal Bennett when she returned from leave in September 2018.

35. Defendant admits that Crystal Bennett was an employee of Defendant. Defendant denies the remaining allegations set forth in Paragraph 35 of the Complaint.

36. Defendant is without knowledge or information sufficient to admit or deny the allegations regarding what Plaintiff "learned" or what an unnamed individual allegedly "told" Plaintiff, and therefore, denies the same. Defendant denies a similarly-situated male employee was paid more than Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 36 of the Complaint.

37. Defendant admits Plaintiff made a Global Business Conduct report regarding perceived pay inequity. Defendant denies any remaining allegations set forth in Paragraph 37 of the Complaint.

38. Defendant admits, upon information and belief, the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant admits, upon information and belief, the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant admits that in February 2024, Plaintiff was informed by her supervisor Crystal Bennett that she was being offered a promotion from Team Lead of Process Excellence to

the position of Process Excellence Supervisor (a L2 leadership role). Defendant admits that Plaintiff spoke with Randy Burton about compensation for the role. Defendant further admits that Plaintiff accepted the promotion. Defendant denies the remaining allegations set forth in Paragraph 40 of the Complaint.

41. Defendant admits that Plaintiff's promotion was announced shortly after she accepted it. Defendant is without information as to the specific date of the announcement at this time, and therefore denies the remaining allegations set forth in Paragraph 41 of the Complaint.

42. Defendant admits that Randy Burton was an employee of Defendant. Defendant denies the remaining allegations set forth in Paragraph 42 of the Complaint.

43. Defendant is without knowledge or information sufficient to admit or deny the allegations regarding if Plaintiff "was leery," and therefore, denies the same. Defendant denies the remaining allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant admits Plaintiff spoke to Randy Burton in or around February of 2024 regarding her compensation. Defendant denies the remaining allegations set forth in Paragraph 45 of the Complaint as stated.

46. Defendant admits Plaintiff spoke to Randy Burton in or around February 2024 regarding her compensation. Defendant denies the remaining allegations set forth in Paragraph 46 of the Complaint as stated.

47. Defendant admits Randy Burton told Plaintiff that her compensation was low in the range. Defendant denies the remaining allegations set forth in Paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49. Defendant admits, upon information and belief, the allegations set forth in Paragraph 49 of the Complaint.

50. The allegations set forth in Paragraph 50 of the Complaint contain a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits Plaintiff took maternity leave from on or about February 26, 2018, to on or about September 10, 2018.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 as stated.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant admits that Brittany Salyer was hired in 2014, reported to Crystal Bennett, and took leave in 2023. Defendant is without knowledge or information sufficient to admit or deny the allegations regarding what Ms. Salyer "told" Plaintiff, and therefore, denies the same. Defendant avers any email referenced in Paragraph 56 speaks for itself. Defendant denies any remaining allegations set forth in Paragraph 56 of the Complaint.

57. Defendant admits Ms. Salyer's employment was terminated in February 2024 as part of a headcount reduction. Defendant admits Ms. Salyer returned from leave in or around January 2024. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 57 of the Complaint, and therefore, denies the same.

58. Defendant admits the allegations set forth in Paragraph 58 of the Complaint.

59. Defendant admits Ms. Salyer's employment was terminated as part of a headcount reduction. Defendant denies the remaining allegations set forth in Paragraph 59.

60. Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61. The allegations set forth in Paragraph 61 contain a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

63. Defendant admits, upon information and belief, that Plaintiff suffered a miscarriage on or around January 9, 2024, and that she later took medical leave. Defendant denies the remaining allegations set forth in Paragraph 63 of the Complaint.

64. Defendant admits that Plaintiff told Randy Burton that she had complications related to a pregnancy and that she was working with Eastman's medical department. Defendant denies the remaining allegations set forth in Paragraph 64 of the Complaint.

65. Defendant denies the allegations set forth in Paragraph 65 of the Complaint.

66. Defendant admits Plaintiff informed Crystal Bennett that Plaintiff was going out on leave. Defendant denies the remaining allegations set forth in Paragraph 66 as stated.

67. Defendant is without knowledge or information sufficient to admit or deny the allegations regarding whether Plaintiff "was concerned," and therefore, denies the same. Defendant denies the remaining allegations set forth in Paragraph 67 of the Complaint.

68. Defendant admits Plaintiff requested and was approved for FMLA leave beginning on March 6, 2024. Defendant is without knowledge or information sufficient to admit or deny the allegations regarding what Plaintiff's doctor "determined," and therefore denies the same.

69. Defendant admits the allegations set forth in Paragraph 69 of the Complaint.

70. The allegations set forth in Paragraph 70 of the Complaint contain a legal conclusion, to which no response is required. To the extent a response is required, Defendant

admits that requesting medical leave may constitute a request for a reasonable accommodation. Defendant denies the remaining allegations set forth in Paragraph 70 of the Complaint.

71. Defendant admits the allegations set forth in Paragraph 71 of the Complaint.

72. Defendant admits the allegations set forth in Paragraph 72 of the Complaint.

73. Defendant admits Plaintiff submitted a complaint to the GBC, which document speaks for itself. Defendant denies the remaining allegations set forth in Paragraph 73 of the Complaint.

74. The allegations set forth in Paragraph 74 contain a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 74 of the Complaint.

75. Defendant denies the allegations set forth in Paragraph 75 of the Complaint.

76. Defendant admits it has an Equal Employment Opportunity Policy Statement, the content of which policy speaks for itself. Defendant denies the remaining allegations set forth in Paragraph 76 of the Complaint.

77. Defendant avers the content of the document attached as Exhibit 2 to the Complaint speaks for itself. Defendant denies any remaining allegations set forth in Paragraph 77 of the Complaint.

78. Defendant admits the allegations set forth in Paragraph 78 of the Complaint.

79. Defendant admits that Steve Hammonds was an employee of Defendant. Defendant denies the remaining allegations set forth in Paragraph 79 of the Complaint.

80. Defendant admits the allegations set forth in Paragraph 80 of the Complaint.

81. Defendant avers the documents attached as Exhibits 2 and 3 to the Complaint speak for themselves. Defendant denies any remaining allegations set forth in Paragraph 81 of the Complaint.

82. Defendant avers Plaintiff's GBC complaint speaks for itself. Defendant denies any remaining allegations set forth in Paragraph 82 of the Complaint.

83. Defendant admits Deanna Griffith was the Director in Plaintiff's reporting line prior to 2023. Defendant denies the remaining allegations set forth in Paragraph 83 of the Complaint.

84. Defendant admits that Deanna Griffith was an employee of Defendant. Defendant denies the remaining allegations set forth in Paragraph 84 of the Complaint.

85. Defendant admits Michelle Stewart was the VP, Chief Acct Officer & Corp Controller and was in Plaintiff's reporting line from 2019 to 2025. Defendant denies the remaining allegations set forth in Paragraph 85 of the Complaint.

86. Defendant admits that Michelle Stewart was an employee of Defendant. Defendant denies the remaining allegations set forth in Paragraph 86 of the Complaint.

87. Defendant avers the document attached as Exhibit 2 to the Complaint speaks for itself. Defendant denies the remaining allegations set forth in Paragraph 87 of the Complaint.

88. Defendant denies the allegations set forth in Paragraph 88 of the Complaint.

89. Defendant avers the document attached as Exhibit 3 to the Complaint speaks for itself. Defendant denies the remaining allegations set forth in Paragraph 89 of the Complaint.

90. Defendant denies the remaining allegations set forth in Paragraph 90 of the Complaint as stated.

91. Defendant avers the document attached as Exhibit 1 speaks for itself. Defendant admits that Plaintiff was informed that the approved 3.08% merit increase she was given for 2018

that was to go into effect on April 1, 2019, did not go into effect due to a clerical error. Defendant denies the remaining allegations set forth in Paragraph 91 of the Complaint.

92. Defendant admits that Plaintiff was approved for a merit increase for 2018 of 3.08% that should have taken effect on April 1, 2019, but that, due to a clerical error, the raise did not go into effect. Defendant denies any remaining allegations set forth in Paragraph 92 of the Complaint.

93. Defendant denies the allegations set forth in Paragraph 93 of the Complaint.

94. Defendant admits that withholding a previously approved merit raise due to an employee going on maternity leave would violate its policies prohibiting discrimination, but Defendant denies that occurred. Defendant denies the remaining allegations set forth in Paragraph 94 of the Complaint.

95. Defendant denies the allegations set forth in Paragraph 95 of the Complaint.

96. Defendant admits Steve Hammonds told Plaintiff she would be protected from retaliation. Defendant denies the remaining allegations set forth in Paragraph 96 of the Complaint.

97. Defendant admits that GBC made recommendations as a result of the investigation. Defendant denies the remaining allegations set forth in Paragraph 97 of the Complaint.

98. Defendant admits the allegations set forth in Paragraph 98 of the Complaint.

99. Defendant denies Crystal Bennett discriminated against Plaintiff, Ms. Salyer, or anyone else. Defendant denies any remaining allegations set forth in Paragraph 99 of the Complaint.

100. Defendant admits that on or around August 20, 2024, Plaintiff met with HR employees, Christa Aranda and Jennifer Whitson wherein Plaintiff was offered: $5,439.18, to make up for the clerical error with Plaintiff's compensation. Defendant admits that it provided a

release for Plaintiff to sign. Defendant denies the remaining allegations set forth in Paragraph 100 of the Complaint.

101. Defendant admits that Christa Aranda was an employee of Defendant. Defendant denies the remaining allegations set forth in Paragraph 101 of the Complaint.

102. Defendant admits that Jennifer Whitson was an employee of Defendant. Defendant denies the remaining allegations set forth in Paragraph 102 of the Complaint.

103. Defendant denies the allegations set forth in Paragraph 103 of the Complaint.

104. Defendant admits that Plaintiff was required to sign the release provided in order to receive the $5,439.18 payment. Defendant denies the allegations set forth in Paragraph 104 of the Complaint.

105. Defendant admits that the release provided to Plaintiff was to be signed by Michelle Stewart on behalf of Defendant. Defendant denies the allegations set forth in Paragraph 105 of the Complaint.

106. Defendant admits Plaintiff did not sign the release she was provided. Defendant denies the remaining allegations set forth in Paragraph 106 of the Complaint.

107. Defendant admits the allegations set forth in Paragraph 107 of the Complaint.

108. Defendant avers the content of the email referenced in Paragraph 108 of the Complaint speaks for itself.

109. Defendant avers the content of the email referenced in Paragraph 109 of the Complaint speaks for itself.

110. Defendant avers the content of the email referenced in Paragraph 110 of the Complaint speaks for itself. Defendant denies the remaining allegations set forth in Paragraph 110 of the Complaint.

111. Defendant avers the content of the email referenced in Paragraph 111 of the Complaint speaks for itself. Defendant denies Plaintiff was subjected to retaliation. Defendant denies the remaining allegations set forth in Paragraph 111 of the Complaint.

112. Defendant admits Plaintiff had meetings in or around August and September 2024 with Jennifer Whitson and Christa Aranda regarding Plaintiff's compensation. Defendant denies the remaining allegations set forth in Paragraph 112 of the Complaint.

113. Defendant admits that Plaintiff was offered $7,974.56 in exchange for signing a release. Defendant denies the remaining allegations set forth in Paragraph 113 of the Complaint.

114. Defendant admits the allegations set forth in Paragraph 114 of the Complaint.

115. Defendant admits the allegations set forth in Paragraph 115 of the Complaint.

116. Defendant denies the allegations set forth in Paragraph 116 of the Complaint.

117. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 117 of the Complaint, and therefore, denies the same.

118. Defendant admits Plaintiff did not sign the General Release. Defendant denies the remaining allegations set forth in Paragraph 118 of the Complaint.

119. Defendant admits Plaintiff did not sign the General Release. Defendant denies the remaining allegations set forth in Paragraph 119 of the Complaint.

120. Defendant admits that Plaintiff did not sign any of the releases provided and that Plaintiff did not receive any of the payments offered to her in an attempt to address her stated concerns about her compensation. Defendant denies the remaining allegations set forth in Paragraph 120 of the Complaint.

121. Defendant denies the allegations set forth in Paragraph 121 of the Complaint.

122. Defendant denies the allegations set forth in Paragraph 122 of the Complaint.

123. Defendant denies the allegations set forth in Paragraph 123 of the Complaint.

124. Defendant avers the document attached to Plaintiff's Complaint as Exhibit 9 speaks for itself. Defendant denies any remaining allegations set forth in Paragraph 124 of the Complaint.

125. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 125 of the Complaint regarding Plaintiff's "goal," and therefore, denies the same. Defendant denies any remaining allegations set forth in Paragraph 125 of the Complaint.

126. Defendant admits Christa Aranda encouraged Plaintiff to make a report to the GBC if Plaintiff believed she was being retaliated against. Defendant denies any remaining allegations set forth in Paragraph 126 of the Complaint.

127. The allegations set forth in Paragraph 127 of the Complaint contain a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits the allegations set forth in Paragraph 127 of the Complaint, but Defendant denies Plaintiff was subjected to discrimination or retaliation.

128. The allegations set forth in Paragraph 128 of the Complaint contain a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits the allegations set forth in Paragraph 128 of the Complaint, but Defendant denies Plaintiff was subjected to discrimination or retaliation.

129. Defendant admits Plaintiff was terminated from employment on or about March 4, 2025, and admits Christa Aranda and Kevin Garry conducted the termination meeting. Defendant denies the remaining allegations set forth in Paragraph 129 of the Complaint.

130. Defendant denies the allegations set forth in Paragraph 130 of the Complaint.

131. Defendant denies the allegations set forth in Paragraph 131 of the Complaint.

132. Defendant denies the allegations set forth in Paragraph 132 of the Complaint.

133. Defendant avers the document attached as Exhibit 10 speaks for itself.

134. Defendant admits the allegations set forth in Paragraph 134 of the Complaint.

135. The allegations set forth in Paragraph 135 of the Complaint contain a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 135 of the Complaint.

136. Defendant admits the allegations set forth in Paragraph 136 of the Complaint.

137. Defendant admits the allegations set forth in Paragraph 137 of the Complaint.

138. Defendant admits that Jessica Moss was an employee of Defendant. Defendant denies the remaining allegations set forth in Paragraph 138 of the Complaint.

139. Defendant denies the allegations set forth in Paragraph 139 of the Complaint.

140. Defendant denies the allegations set forth in Paragraph 140 of the Complaint.

141. Defendant denies the allegations set forth in Paragraph 141 of the Complaint.

142. Defendant denies the allegations set forth in Paragraph 142 of the Complaint.

143. Defendant admits the allegations set forth in Paragraph 143 of the Complaint.

144. Defendant admits Christa Aranda was aware that Plaintiff had made a report to the GBC. Defendant denies the remaining allegations set forth in Paragraph 144 of the Complaint.

145. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 145 of the Complaint, and therefore, denies the same.

146. Defendant denies the allegations set forth in Paragraph 146 of the Complaint.

147. Defendant denies the allegations set forth in Paragraph 147 of the Complaint.

148. Defendant denies the allegations set forth in Paragraph 148 of the Complaint.

149. Defendant admits the allegations set forth in Paragraph 149 of the Complaint.

150. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 150 of the Complaint, and therefore, denies the same.

151. Defendant denies the allegations set forth in Paragraph 151 of the Complaint.

152. Defendant denies the allegations set forth in Paragraph 152 of the Complaint.

153. Defendant admits the allegations set forth in Paragraph 153 of the Complaint.

154. The allegations set forth in Paragraph 154 of the Complaint contain a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 154 of the Complaint.

155. Prior to Plaintiff's termination, Christa Aranda was aware that Plaintiff complained of perceived challenges she faced with other leaders in the Controllers group. Defendant denies the remaining allegations in Paragraph 155 of the Complaint.

156. Defendant denies the allegations set forth in Paragraph 156 of the Complaint.

157. Prior to Plaintiff's termination, Jessica Moss was aware that Plaintiff complained of perceived challenges she faced with other leaders in the Controllers group. Defendant denies the remaining allegations in Paragraph 157 of the Complaint.

158. Prior to Plaintiff's termination, Jessica Moss was aware that Plaintiff had made a report to GBC. Defendant denies the allegations in Paragraph 158 of the Complaint.

159. Defendant denies the allegations set forth in Paragraph 159 of the Complaint.

160. Defendant denies the allegations set forth in Paragraph 160 of the Complaint.

161. Defendant denies the allegations set forth in Paragraph 161 of the Complaint.

162. Defendant denies the allegations set forth in Paragraph 162 of the Complaint.

163. Defendant denies the allegations set forth in Paragraph 163 of the Complaint.

164. Defendant denies the allegations set forth in Paragraph 164 of the Complaint.

165. Defendant admits the allegations set forth in Paragraph 165 of the Complaint.

166. Defendant admits the allegations set forth in Paragraph 166 of the Complaint.

167. Defendant admits the allegations set forth in Paragraph 167 of the Complaint.

168. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 168 of the Complaint regarding what Plaintiff was "aware of," and therefore, denies the same. Defendant denies the remaining allegations set forth in Paragraph 168 of the Complaint.

169. Defendant denies the allegations set forth in Paragraph 169 of the Complaint.

170. The allegations set forth in Paragraph 170 of the Complaint contain a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies its employees committed discriminatory or retaliatory acts. Defendant denies any remaining allegations set forth in Paragraph 170 of the Complaint.

171. Defendant admits Plaintiff filed a Charge of Discrimination with the EEOC, the content of which Charge speaks for itself. Defendant denies any remaining allegations set forth in Paragraph 171 of the Complaint.

172. The allegations set forth in Paragraph 172 contain a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits Plaintiff filed an EEOC Charge on April 28, 2025. Defendant denies any remaining allegations set forth in Paragraph 172 of the Complaint.

173. Defendant admits, upon information and belief, the allegations set forth in Paragraph 173 of the Complaint.

174. Defendant admits, upon information and belief, the allegations set forth in Paragraph 174 of the Complaint.

175. Defendant denies the allegations set forth in Paragraph 175 of the Complaint.

176. Defendant denies the allegations set forth in Paragraph 176 of the Complaint.

177. Defendant denies the allegations set forth in Paragraph 177 of the Complaint.

178. Defendant denies the allegations set forth in Paragraph 178 of the Complaint.

179. Defendant denies the allegations set forth in Paragraph 179 of the Complaint.

180. Defendant admits the allegations set forth in Paragraph 180 of the Complaint.

181. Defendant admits the allegations set forth in Paragraph 181 (incorrectly numbered as Paragraph 138) of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove. Defendant further avers that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserves its right to assert additional defenses should the precise nature of Plaintiff's claims become clear.

1. To the extent not otherwise noted, Defendant denies Plaintiff's allegations.

2. To the extent Plaintiff failed to file a Charge of Discrimination within 300 days after the alleged employment practice occurred, her claims are untimely under 42 U.S.C. § 2000e-5(e), and Plaintiff's claims are barred.

3. Plaintiff's claims are barred by her failure to exhaust administrative remedies.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

5. Some or all of the causes of action contained in the Complaint fail to state a claim upon which relief may be granted.

6. All actions taken by Defendant regarding Plaintiff's employment or affecting Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory reasons.

7. If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff, they were outside the course and scope of that employee's employment, contrary to Defendant's policies and good faith efforts to comply with the law, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

8. The Complaint, and each and every cause of action alleged therein, is barred, to the extent that Plaintiff can prove that any mixed motive of discrimination or retaliation occurred (which Defendant denies), the same decision would have been may anyway for non-discriminatory / non-retaliatory reasons.

9. Defendant engaged in good faith efforts to comply with civil rights laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state and/or federal law, and therefore, Plaintiff fails to state a claim for punitive or liquidated damages.

10. Plaintiff is not entitled to any award for lost back wages for any period during which she was unable to work.

11. Plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence.

12. Plaintiff's claims may be barred, in whole or in part, by the doctrine of unclean hands.

13. Plaintiff is barred, in whole or in part, from recovering any damages, or any recovery of damages must be reduced, excused, and/or discharged, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate Plaintiff's alleged damages.

14. Plaintiff has received interim earnings that must be deducted from any back pay award.

15. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Defendant pleads the damage caps and/or limits to punitive/exemplary damages under Title VII, the ADA, and all other applicable federal, state, and other laws.

16. To the extent Plaintiff makes a claim for punitive damages, such a claim constitutes an unreasonable and impermissible attempt to take property in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and the parallel provisions of the Tennessee Constitution.

17. Plaintiff was not paid less than male comparators for performing the same or substantially similar job positions requiring equal skills, effort, and responsibility.

18. Any difference in wages between Plaintiff and her alleged male comparator was attributable to a "factor other than sex" within the meaning of the Equal Pay Act, 29 U.S.C. § 206(d)(1).

19. There was no causal connection between any protected conduct displayed by Plaintiff and any adverse employment action against her, and there is no evidence of animus by Defendant against Plaintiff for the exercise of any right protected by 29 U.S.C. § 2601, *et seq.*

20. Defendant reserves the right to assert additional defenses as may be appropriate based on continuing investigation and discovery.

WHEREFORE, Defendant demands judgment against Plaintiff in its favor:

(i) denying all claims for relief that Plaintiff asserts;

(ii) denying Plaintiff's request for an award of liquidated damages;

(iii) denying Plaintiff's request for an award of prejudgment interest;

(iv) denying Plaintiff's request for an award of attorneys' fees;

(v) dismissing the Complaint against Defendant on the merits, with prejudice, and in its entirety;

(vi) awarding Defendant its costs and disbursements, including reasonable attorneys' fees incurred in this action; and

(vii) granting Defendant such other and further relief as the Court may deem just and proper.

Dated this 9th day of April 2026.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*/s/ Luci L. Nelson*
Lauren H. Zeldin
600 Peachtree St. NE, Suite 4300
Atlanta, GA 30308
Telephone: 404-946-0845
lauren.zeldin@ogletree.com
*Admitted pro hac vice*

Luci L. Nelson, TN Bar #036354
300 N. Main St., Suite 500
Greenville, SC 29601
Telephone: 864-271-1300
luci.nelson@ogletree.com

*Attorneys for Defendant*
*Eastman Chemical Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of April 2026, the foregoing was filed electronically to be served by operation of the Court's electronic filing system upon the following:

David A. Burkhalter, II
D. Alexander Burkhalter, III
Zachary J. Burkhalter
The Burkhalter Law Firm, P.C.
111S. Central Street P.O. Box 2777
Knoxville, Tennessee 37901

*Attorneys for Plaintiff*

*/s/ Luci L. Nelson*